AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means

☐ Original   ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Central District of Illinois

**FILED**
JAN 0 4 2023

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

In the Matter of the Search of

1) a Black Oculus Virtual Reality Device with Headset and Controllers; 2) a black Thermaltake Computer Tower, serial number 191112369, 3) an Oculus VR Headset and Hand Controllers; 4) a black Lenli Computer Tower, serial number ABC7-6FAA-C2BFFD34, 5) a black XBOX gaming system, serial number 320365253748, 6) a Samsung Cellular Phone, serial number 355502291322515, 7) a Samsung Green 64 Micro SD card, serial number KHDC099AB722, and 8) a Samsung red 32 Micro SD card, serial number KNP3C4QAE24, all currently located at the FBI Office located at 2117 W. Park Court, Champaign, IL 61821

Case No. 22-MJ- 7135

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of __Unknown__
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A, which is attached hereto and incorporated by reference.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B, which is attached hereto and incorporated by reference.

**YOU ARE COMMANDED** to execute this warrant on or before __September 30, 2022__ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to __Honorable Eric I. Long__
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 9/16/2022; 1:49 pm

s/Eric Long

*Judge's signature*

City and state: Urbana, Illinois

Eric I. Long, United States Magistrate Judge
*Printed name and title*

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

## Return

Case No.: 22-MJ-7135

Date and time warrant executed: 9/28/22 12:00PM

Copy of warrant and inventory left with: N/A

Inventory made in the presence of: N/A

Inventory of the property taken and name(s) of any person(s) seized:

- 8 digital devices already in FBI evidence

*Nothing Further*

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 12/23/22

s/John Gerrity

Executing officer's signature

John Gerrity / FBI / SA
Printed name and title

## Attachment A

*Property to be Searched*

The property to be searched are:

1) Black Oculus Virtual Reality Device with Headset and Controllers ("Device 1"),
2) Black Thermaltake Computer Tower, serial number 191112369 ("Device 2"),
3) Oculus VR Headset and Hand Controllers ("Device 3"),
4) Black Lianli Computer Tower, serial number ABC7-6FAA-C2BFF034 ("Device 4"),
5) Black XBOX gaming system, serial number 320365253748 ("Device 5"),
6) Samsung Cellular Phone, serial number 355502291322515 ("Device 6"),
7) a Samsung Green 64 Micro SD card, serial number KHDC099AB722 ("Device 7"); and
8) a Samsung red 32 Micro SD card, serial number KNP3C4QAE24 ("Device 8").

These items were seized from 1532 S. Highland Drive, Franklin, IN 46131 on September 12, 2022, and are currently held in the possession of the Federal Bureau of Investigations, at the Champaign (Illinois) resident office, located at 2117 W. Park Court, Champaign, IL 61821.

This warrant authorizes the forensic examination of Devices 1 thru 8 for the purpose of identifying the electronically stored information described in Attachment B.

## Attachment B

*Particular Items to Be Seized*

1. All records on the Device described in Attachment A that relate to violations of Title 18, United States Code, Sections 2423(a) and 2241(c) and involve DYLAN CLARK including:

    a.  Any and all notes, documents, records, or correspondence, in any format and medium (including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, and handwritten notes) pertaining to the possession, receipt, or distribution of child pornography as defined in Title 18, United States Code, Section 2256(8) or to the possession, receipt, or distribution of visual depictions of minors engaged in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2) or sex trafficking.

    b.  Any and all notes, documents, records, or correspondence, in any format and medium (including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, and handwritten notes) pertaining to the transportation of minors across state lines, as defined in Title 18, United States Code, Section 2324(a) or to persons engaging in sexual conduct with any persons under the age of 18 years, in violation of Title 18, United States Code, Section 2241(c).

    c.  In any format and medium, all originals, computer files, copies, and negatives of child pornography as defined in Title 18, United States Code, Section 2256(8), visual depictions of minors engaged in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), or child erotica.

    d.  Any and all address books, names, and lists of names and addresses of individuals who may have been in communication by use of the computer or by other means for the purpose of distributing or receiving child pornography as defined in Title 18, United States Code, Section 2256(8) or visual depictions of minors engaged in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2) or engaging in sex trafficking.

e.     Any and all notes, documents, records, or correspondence, in any format or medium (including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, and handwritten notes), identifying persons transmitting, through interstate or foreign commerce by any means, including, but not limited to, by the United States Mail or by computer, any child pornography as defined in Tile 18, United States Code, Section 2256(8) or any visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2) or sex trafficking.

f.     Any and all notes, documents, records, or correspondence, in any format or medium (including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, other digital data files and web cache information) concerning the receipt, transmission, or possession of child pornography as defined in Title 18, United States Code, Section 2256(8) or visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2) or sex trafficking.

g.     Any and all notes, documents, records, or correspondence, in any format or medium (including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, and other digital data files) concerning communications between individuals about child pornography or the existence of sites on the Internet that contain child pornography or that cater to those with an interest in child pornography or sex trafficking.

h.     Any and all notes, documents, records, or correspondence, in any format or medium (including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, and other digital data files) concerning membership in online groups, clubs, or services that provide or make accessible child pornography to members.

i.     Any and all visual depictions of minors.

j.     Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

k.   Evidence showing DYLAN CLARK's state of mind.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.